U.S. BANK, NATIONAL ASSO-
CIATION, Plaintiff/Coun-
terclaim Defendant,

v.

Maury ROSENBERG,
Defendant/Counterclaim Plaintiff.

CIVIL ACTION NO. 12-723

United States District Court,
E.D. Pennsylvania.

Filed 11/21/2014

Jack McElroy, Shutts & Bowen LLP, Orlando, FL, Peter H. Levitt, Shutts & Bowen, Miami, FL, Stacey A. Scrivani, Craig A. Hirneisen, Stevens & Lee, Reading, PA, for Plaintiff.

Susan M. Verbonitz, Weir & Partners, LLP, Philadelphia, PA, Yale L. Galanter, Aventura, FL, for Defendant.

## ORDER

CYNTHIA M. RUFE, JUDGE.

Trial in *U.S. Bank v. Rosenberg*, on U.S. Bank's breach of contract claim and Rosenberg's abuse of process and Dragonetti Act counterclaims, is scheduled for December 1, 2014. Presently before the Court are nine motions in limine filed by U.S. Bank. The Court writes primarily for the parties and therefore familiarity with the complex facts and procedural history of this case is assumed.

**Motion to Exclude Testimony and Report of Defendant's Damages Expert [Doc. No. 115]**

Rosenberg seeks to offer Stephen Scherf, an accountant with specialized training in valuation, as an expert witness on damages in Rosenberg's abuse of process and Dragonetti Act counterclaims. Rosenberg contends that Scherf is offered for two purposes only: first, to determine the appropriate damage period; and second, to calculate Rosenberg's prospective lost wages during this period.

In order to admit expert testimony under Federal Rule of Evidence 702, the trial judge must find that: a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact at issue; b) the testimony is based upon sufficient facts or data; the testimony is the product of reliable principles or methods; and d) the expert has reliably applied the principles and methods to the

facts of the case. Rule 702, despite its fearsome reputation, reflects "a policy of liberal admissibility."[1] This liberal policy permits an expert to be qualified "on the basis of practical experience alone,"[2] provided that he "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[3]

U.S. Bank contends that Dr. Scherf's testimony will not assist the Court, is not based upon sufficient facts or data, and that Mr. Scherf has failed to employ any methodology whatsoever. In support of this argument, U.S. Bank directs the Court to a ruling by Judge Seitz of the Southern District of Florida, who presided over a jury trial on Rosenberg's claim for damages due to the filing of an involuntary bankruptcy petition, in which Dr. Scherf's testimony was excluded for these reasons.[4] U.S. Bank contends that Dr. Scherf's report in this case suffers from the same defects. However, Judge Seitz ruled on Dr. Scherf's attempt to opine that Rosenberg's lost income and lost reputation were caused by the filing of an involuntary bankruptcy petition against him. Rosenberg offers Dr. Scherf not to prove causation, but for a far more limited purpose in this case; to assist the Court's possible damages calculation.

Dr. Scherf's knowledge and experience will provide context for such a damages calculation. Dr. Scherf will be able to testify as to the average retirement age, how to interpret Mr. Rosenberg's tax returns, and his experience with regard to the employment prospects of someone of Mr. Rosenberg's age. In order to provide this kind of background information, Dr. Scherf's experience and education are sufficient; no detailed explication of methodology is necessary.

U.S. Bank's Motion will therefore be denied.

**Motion to Exclude Evidence that Plaintiff Lacks Standing [Doc. No. 116]**

Earlier in this litigation, Rosenberg disputed whether U.S. Bank, through its predecessor in interest Lyon, was a party to the guaranty at issue. At summary judgment, the Court held that "[t]he Guaranty unambiguously guaranteed payment of at least the Guaranteed Amount (defined therein) to Lyon,"[5] and the Court stated that "U.S. Bank is Lyon's successor in interest."[6] Rosenberg does not dispute that this issue has been resolved.[7] U.S. Bank's Motion will therefore be granted.

**Motion to Exclude Need for Evidence on Plaintiff's Case in Chief [Doc. No. 117]**

U.S. Bank seeks an order "affirming that US Bank is not required to present evidence on its case in chief because there are no disputed issues of fact and because the undisputed evidence in the record shows" US Bank's entitlement to damages.[8] In essence, U.S. Bank contends that the Court's summary judgment opinion states that U.S. Bank would be entitled to summary judgment absent Rosenberg's

1. *In re Paoli R.R. Yard Litig.*, 35 F.3d 717, 741 (3d Cir.1994).

2. *Lauria v. National R.R. Passenger Corp.*, 145 F.3d 593, 599 (3d Cir.1998).

3. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

4. Pl.'s Mem. In Supp. Of Mot. In Limine to Exclude Testimony and Report of Def.'s Damages Expert Exh. C.

5. Doc. No. 97 at 14.

6. Id. at 5-6.

7. Doc. No. 132 at 1.

8. Doc. No. 117 at 1.

mitigation defense, and therefore U.S. Bank should not have to present evidence of liability. U.S. Bank's conclusion does not follow from the Court's summary judgment opinion; the Court did not enter partial summary judgment nor hold that U.S. Bank was entitled to damages, and therefore U.S. Bank must prove its case in chief at trial. U.S. Bank's Motion will therefore be denied.

**Motion to Exclude Evidence of Alleged Losses Sustained by Other Parties [Doc. No. 118]**

■ U.S. Bank seeks to prevent Rosenberg from introducing evidence of losses suffered by third parties, namely Rosenberg's businesses and trust, at trial. U.S. Bank is correct that Rosenberg cannot recover losses suffered by his business and trust on account of the separate legal existence of those entities. Although Rosenberg's position is not altogether clear, it seems that, if Rosenberg were to offer evidence of losses sustained by third parties, such evidence would be offered to establish losses sustained directly by him, in the form of attorneys' fees, emotional distress, lost wages and loss of reputation. U.S. Bank does not appear to dispute that Rosenberg could offer evidence of losses sustained by third parties for this purpose, but contends that Defendant's Supplemental Answers demonstrate that Rosenberg is attempting to collect for losses suffered by his businesses and family trust. From the face of Defendant's Supplemental Answers, the Court cannot conclude that evidence of losses sustained by Rosenberg's businesses and family trust is not probative of injuries sustained by Rosenberg.

U.S. Bank's Motion will therefore be granted in part and denied in part. Evidence of losses sustained by Rosenberg's businesses and family trust may not be admitted for the purpose of collecting damages on behalf of these parties, but may be admitted for the purpose of showing injuries sustained by Rosenberg himself, subject to appropriate objections at trial.

**Motion to Exclude Evidence Relating to Involuntary Bankruptcy Case [Doc. No. 119]**

U.S. Bank seeks to exclude evidence relating to Rosenberg's involuntary bankruptcy case on three grounds: first, that such evidence is irrelevant; second, that Rosenberg is attempting to recover double damages; and third, that Rosenberg is judicially estopped from arguing that the filing of the involuntary bankruptcy is evidence that the confession of judgment was filed for an improper purpose.

■■ U.S. Bank contends that the involuntary bankruptcy case is irrelevant because involuntary bankruptcy petitions and confession of judgment actions have different purposes; it is improper to file an involuntary bankruptcy petition to recover a debt, whereas recovery of a debt is the purpose of a confession of judgment action. While this argument may be relevant to the collateral estoppel effect of the Florida court's judgment, it does not establish that the involuntary bankruptcy proceedings are irrelevant. Rosenberg contends that the improper filing of an involuntary bankruptcy petition against him was part of a campaign of harassment, which includes the allegedly improper filing of the confession of judgment action. The improper filing of the involuntary bankruptcy petition may be therefore be relevant to U.S. Bank's motive in filing the confession of judgment action.

U.S. Bank's double recovery argument is addressed *infra* in the context of U.S. Bank's motion to preclude Defendant from Introducing Evidence of Compensatory Damages.

■ U.S. Bank's judicial estoppel argument is not well-taken. In the first

place, this judicial estoppel claim is an untimely request for partial summary judgment that cannot be raised in a motion in limine. Furthermore, even were the argument properly raised, the Court is not persuaded that Rosenberg has asserted contradictory positions in this litigation and in the involuntary bankruptcy trial. In Florida, Rosenberg argued to the jury that the proper forum for the dispute was the confession of judgment action filed in Bucks County.[9] It appears perfectly consistent for Rosenberg to argue that although the Bucks County action was the proper forum, U.S. Bank litigated abusively in that forum.

U.S. Bank's Motion will therefore be denied without prejudice to its re-assertion in an appropriate form at trial.

**Motion to Exclude Defendant's Evidence of Alleged Emotional Distress [Doc. No. 120]**

■ U.S. Bank moves to exclude Rosenberg's testimony that he suffered emotional distress on the basis that Rosenberg's 26(a)(i) disclosures, interrogatory responses, amended initial disclosures and supplemental interrogatory responses did not provide sufficient and timely disclosure of the basis for Rosenberg's claim. At the outset of this case, Rosenberg pleaded emotional distress damages for his counterclaims in his Answer.[10] U.S. Bank subsequently had the opportunity to depose Rosenberg, but elected not to inquire into Rosenberg's potential emotional distress. The Court also notes that despite the alleged insufficiency of Rosenberg's discovery responses, no motion to compel was filed.

In the alternative, U.S. Bank argues that Rosenberg should be limited to nominal damages for emotional distress because Rosenberg's claim is based exclusively upon his own testimony. U.S. Bank's argument is a legal claim about the extent of available damages rather than an evidentiary issue, and therefore will not be decided in a motion in limine.

U.S. Bank's Motion will therefore be denied without prejudice to the re-assertion of U.S. Bank's argument that Rosenberg is entitled only to nominal damages in an appropriate form at trial.

**Motion to Exclude Defendant's Evidence of Alleged Injury to Reputation [Doc. No. 122]**

■ U.S. Bank moves to exclude Rosenberg's evidence of alleged injury to reputation on the basis that Rosenberg's Rule 26(a)(1) disclosures, interrogatory responses, amended initial disclosures, supplemental interrogatory responses, and deposition testimony, did not provide sufficient and timely disclosure of the basis for Rosenberg's claim on this issue. However, Rosenberg pleaded injury to reputation damages in his Answer [11] and U.S. Bank questioned Rosenberg on this issue at Rosenberg's deposition.[12] The Court also notes that despite the alleged insufficiency of Rosenberg's interrogatory responses, no motion to compel was filed. U.S. Bank's Motion will therefore be denied.

**Motion to Preclude Defendant from Introducing Evidence of Compensatory Damages [Doc. No. 124]**

■ U.S. Bank argues that Rosenberg should be precluded from introducing evi-

9. Pl.'s Mem. In Supp. of Mot. to Exclude Evidence Related to Involuntary Bankruptcy Case at 7-8.

10. Doc. No. 10 at ¶ 51.

11. Id. at ¶ 47, 51.

12. Pl.'s Mot. to Preclude Def. From Introducing Evidence of Compensatory Damages Exh. D at 40-43.

dence of compensatory damages, under a variety of legal theories, because Rosenberg cannot distinguish damages caused by the confession of judgment from damages allegedly caused by filing of the involuntary bankruptcy petition. In support of this contention, U.S. Bank offers statements from the deposition testimony of Defendant Maury Rosenberg and his son Douglas Rosenberg that imply that they cannot identify damages caused exclusively by the confession of judgment.

At summary judgment, the Court addressed Rosenberg's ability to distinguish damages caused by the confession of judgment in the context of apportionability:

> Whether the harm to Rosenberg is 'capable of apportionment among two or more causes is a question of law, and is for the decision of the court in all cases.' However, '[o]nce it is determined that the harm is capable of being apportioned, the actual apportionment of the damages among the various causes is a question of fact, which is to be determined by the jury.' It is clear, as U.S. Bank concedes, that Rosenberg is alleging at least *some* distinct injury in the nature of the fees and costs incurred as a result of the Bucks County Action ... The record at this time does not disclose whether the award in the Florida action fully compensated Rosenberg for all of the lost wages and injury to reputation he suffered, or whether he was compensated only for those losses that flowed directly from the wrongly instituted involuntary bankruptcy pro-

ceedings. Although the Court recognizes the basic logic of U.S. Bank's position ... If this case proceeds to trial, the Court will entertain briefing on this issue in the nature of a motion in limine.[13]

The Court declined to hold that Rosenberg's damages are not apportionable as a matter of law. Instead, the Court held that there was a factual dispute as to which damages are apportionable to the confession of judgment that had to be resolved at trial. The Court invited motions in limine in order to exclude evidence of damages solely attributable to the involuntary bankruptcy filing, but the deposition testimony does not establish that there is no distinct injury flowing from the confession of judgment.[14]

The Court also notes that since its summary judgment opinion was entered, the Southern District of Florida has reversed the jury's award of compensatory damages as to lost wages and reputational harm [15] and cross-appeals are pending before the Eleventh Circuit.[16] The uncertain status of the compensatory damage award also weighs against precluding Rosenberg from attempting to prove compensatory damages attributable to the confession of judgment on U.S. Bank's double-recovery theory.

For these reasons, U.S. Bank's Motion will be denied without prejudice to the assertion of a motion for judgment as a matter of law at the close of Defendant's evidence.

---

13. Doc. No. 97 at 11-12 (internal citations omitted).

14. To the extent that U.S. Bank's preemption, claim splitting, election of remedies, and judicial estoppel arguments for excluding evidence of compensatory damages are distinct from the apportionment issue—which is not altogether clear—these arguments suffer from the same defect.

15. *Maury Rosenberg v. DVI Recievables XIV, LLC*, 12–CIV–22275, 2014 WL 4810348 (S.D.Fla. Sept. 29, 2014).

16. *Maury Rosenberg v. DVI Receivables XIV, LLC*, 14-14620, Docket Entry No. 1, 2 (11th Cir.).

**Motion to Exclude Evidence of Alleged Damage to Defendant's Credit and Ability to Obtain Financing [Doc. No. 125]**

 U.S. Bank seeks to exclude evidence of injury to Rosenberg's credit and ability to obtain financing because Rosenberg did not timely disclose his intent to seek such damages. On May 6, 2013, Rosenberg responded to U.S. Bank's interrogatory as follows:

> **Interrogatory No. 11:** If you contend that, as a result of any actions (or inactions) of Plaintiff alleged in your Counterclaims, you were unable to obtain credit or were denied credit or were denied any loan or financing, please state in detail the facts concerning each such denial of credit or denial of a loan or financing.
>
> **ANSWER:** None.[17]

On July 3, 2014, Rosenberg filed Supplemental Answers to Plaintiff's First Set of Interrogatories, which stated that Rosenberg was told by M&T Bank that he did not meet their lending criteria, could not obtain refinancing of a real estate loan, and was unable to speak with five other lenders.[18]

Rosenberg contends that U.S. Bank's interrogatory did not require disclosure of Rosenberg's inability to obtain credit because Rosenberg personally did not apply for any loans, and in any event, Rosenberg supplemented his Answers as soon as he recalled the relevant information. Rosenberg's first contention is without merit;

U.S. Bank's interrogatory plainly asks whether Rosenberg was "unable to obtain credit," not whether he applied for loans. However, when Rosenberg knew that his Answers to Plaintiff's First Set of Interrogatories was inaccurate is a factual issue that the Court cannot determine in a motion in limine.

 The Court notes that even if it were later to find that Rosenberg has breached his discovery obligations, this finding would not automatically lead to exclusion of the evidence. The exclusion of evidence due to breach of discovery obligations is governed by the *Pennypack* factors:

> (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption to the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it.[19]

Evidence is generally not excluded unless "a party has (1) revealed previously undisclosed evidence when trial was either imminent or in progress, or (2) acted in bad faith."[20]

For these reasons, U.S. Bank's Motion will therefore be denied without prejudice to its reassertion, if appropriate, in the form of an objection at trial.

**AND NOW,** this 21st day of November 2014, upon consideration of Plaintiff's Mo-

---

17. Def.'s Answers to Pl.'s First Set of Interrogatories at 6.

18. Def's Supp. Answers to Pl.'s First Set of Interrogatories at 7.

19. *Bridgestone Sports Co. v. Acushnet Co.,* CIV–05–132–JJF, 2007 WL 521894 at *4 (D.Del. Feb. 15, 2007) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904–05 (3d Cir.1977)).

20. *DiFlorio v. Nabisco Biscuit Co.,* CIV–95–0089, 1995 WL 710592 at *2 (E.D.Pa. Nov. 13, 1995) (Yohn, J.); *see also In re Safeguard Scientifics,* CIV–01–3208, 2004 WL 2644393 at *2 (E.D.Pa. Nov. 17, 2004) (Joyner, J.); *Stein v. Foamex Int'l, Inc.,* CIV–00–2356, 2001 WL 936566 at *6 (E.D.Pa. Aug. 15, 2001) (Kelly, J.).

tions in Limine [Doc. No. 115-120, 122, 124, and 125], and Defendant's responses thereto, for the reasons stated above, it is hereby **ORDERED** that Plaintiff's Motion to Exclude Evidence That Plaintiff Lacks Standing [Doc. No. 116] is **GRANTED**; Plaintiff's Motion to Exclude Evidence of Losses Sustained by Other Parties [Doc. No. 118] is **GRANTED IN PART**; Motion to Exclude Evidence Relating to Involuntary Bankruptcy Case [Doc. No. 119], Plaintiff's Motion to Exclude Evidence of Alleged Emotional Distress [Doc. No. 120], Motion to Preclude Defendant from Introducing Evidence of Compensatory Damages [Doc. No. 124], and Motion to Exclude Evidence of Alleged Damage to Defendant's Credit and Ability to Obtain Financing [Doc. No. 125] are **DENIED WITHOUT PREJUDICE** to their re-assertion in an appropriate form at trial. All of Plaintiff's additional motions [Doc. No. 115, 117, and 122] are **DENIED**.

IT IS SO ORDERED.